In the Matter of Christopher C. ZOELLER, Respondent.

No. 49S00–0406–DI–276.

Supreme Court of Indiana.

Dec. 18, 2007.

*ORDER APPROVING STATEMENT OF CIRCUMSTANCES AND CONDITIONAL AGREEMENT FOR DISCIPLINE*

Pursuant to Indiana Admission and Discipline Rule 23(11), the Indiana Supreme

Court Disciplinary Commission and Respondent have submitted for approval a "Statement of Circumstances and Conditional Agreement for Discipline" stipulating agreed facts and proposed discipline as summarized below:

**Facts:** The Commission filed a Verified Complaint on January 23, 2004, which was amended on September 11, 2007. The parties stipulate to the facts below.

*Client 1.* In 1999, a client hired Respondent to represent him on federal criminal drug charges. The client wished to cooperate with the government in exchange for leniency in sentencing. However, because Respondent delayed in contacting the prosecuting attorney, any information the client had was no longer useful to the government and he lost the benefit of his willingness to cooperate with the government.

*Client 2.* In 1999, a client hired Respondent to represent him in seeking postconviction relief ("PCR"). Respondent filed a PCR petition on April 18, 2001, and thereafter neglected the case and failed to appear at hearings. The court denied the PCR petition on July 31, 2003, but Respondent failed to inform the client. As a result, the client lost his right to appeal the denial.

*Client 3.* A client hired Respondent on April 15, 2004, to pursue a motion to modify his sentence. The client and his wife informed Respondent their objective was to transfer the client's upcoming work release to the county where the wife lived. Respondent thereafter neglected the case, failed to communicate with the client and his wife, failed to keep them informed of the status of the case, made false statements to them, failed to pursue the client's objective, filed and pursued a PCR petition against the client's wishes, and failed to comply with the client's request to terminate his services. On March 7, 2005, the client again terminated Respondent's services, and at the client's request, the court dismissed the PCR proceeding. After a grievance was filed, Respondent made several knowing misrepresentations to the Commission and failed to make complete discovery.

*Client 4.* In January 2004, Respondent was hired by an incarcerated client and filed a motion to modify his sentence to allow him to serve the remainder of his sentence in an alternative setting. Although the state had no objection, it filed an objection to the motion due to an apparent error by a paralegal, and the court denied the motion. Thereafter, Respondent neglected the case, failed to communicate with the client and his wife, failed to keep them informed of the status of the case, failed to comply with the client's request to return certain documents, and obtained a sentence modification that did not reflect the client's wishes. At a hearing on February 24, 2005, the court, at the client's request, ordered his original sentence reinstated.

**Violations:** The parties agree that Respondent violated these Indiana Professional Conduct Rules prohibiting the following misconduct:

1.1: Failure to provide competent representation.

1.2(a): Failure to abide by clients' decisions regarding the objectives of representation

1.3: Failure to act with reasonable diligence and promptness.

1.4(a): Failure to keep a client reasonably informed about the status of a matter and promptly respond to reasonable requests for information.

1.4(b): Failure to explain a matter to the extent reasonably necessary to permit a client to make informed decisions regarding representation.

1.5(a): Charging an unreasonable fee.

1.16(a)(3): Failure to withdraw from representation after being discharged.

1.16(d): Failure to protect client's interests upon termination of representation.

3.2: Failure to expedite litigation consistent with the interests of a client.

4.1(a): Making a false statement of material fact to a third person.

8.1(a): Knowingly making a false statement of material fact to the Disciplinary Commission in connection with a disciplinary matter.

8.1 (b): Failure to cooperate with the Commission's disciplinary investigation.

8.4(c): Conduct involving dishonesty, fraud, deceit, or misrepresentation.

8.4(d): Engaging in conduct prejudicial to the administration of justice.

**Discipline:** The parties agree to the following discipline: Respondent shall be suspended from the practice of law for 180 days, of which 90 days is executed, and 90 days is stayed, and Respondent shall be placed on probation for 18 months subject to terms summarized below:

(1) Respondent will practice with the assistance of a designated supervising attorney to be approved by the Commission, who will make monthly reports to the Commission. The reports shall evaluate Respondent's law office management practices and procedures for issues including client communication, calendar management, and case evaluation.

(2) Respondent must earn five (5) Continuing Legal Education hours in the areas of Office Management or Criminal Defense Ethics above his minimum annual requirement.

(3) If Respondent materially violates the terms and conditions of probation, the Disciplinary Commission shall move to revoke Respondent's probation. If his probation is revoked, Respondent's law license shall be suspended for 90 days without automatic reinstatement.

Respondent clearly neglected his professional duties to several vulnerable clients, and in some circumstances, such conduct might warrant a more severe sanction. The Court, however, notes that Respondent agrees to 18 months of probation and supervision by an attorney approved by the Commission, during which time he must demonstrate his ability to comply with the Rules of Professional Conduct. In light of the Court's desire to foster agreed resolutions of lawyer disciplinary cases, the Court now APPROVES and ORDERS the agreed discipline. The Court incorporates by reference the terms and conditions of probation set forth in the parties' Conditional Agreement.

For Respondent's professional misconduct, the Court **suspends Respondent from the practice of law in this state under the conditions described above, beginning January 25, 2008.** Respondent shall not undertake any new legal matters between service of this order and the effective date of the suspension, and Respondent shall fulfill all the duties of a suspended attorney under Admission and Discipline Rule 23(26). The costs of this proceeding are assessed against Respondent.

With the acceptance of this agreement, the hearing officer appointed in this case is discharged.

The Court directs the Clerk to forward a copy of this Order to the hearing officer, to the parties or their respective attorneys, and to all other entities entitled to notice under Admission and Discipline Rule 23(3)(d).

All Justices concur, except SHEPARD, C.J., and DICKSON, J., who dissent as to

the penalty, believing it is insufficient in light of the extent and gravity of Respondent's offenses.